UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH ALAN CRUCE, #604437,

        Petitioner,

                              CASE NO. 07-CV-15037
v.                          HONORABLE LAWRENCE P. ZATKOFF

SHERRY L. BURT,

        Respondent.
_____/

**OPINION AND ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS; (2) DENYING CERTIFICATE OF APPEALABILITY; AND (3) DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2254. Keith Alan Cruce ("Petitioner"), a Michigan prisoner currently confined at the Parnall Correctional Facility in Jackson, Michigan, asserts that he is being held in violation of his constitutional rights. Petitioner was convicted of three counts of second-degree criminal sexual conduct ("CSC II"), Mich. Comp. Laws § 750.520c(1)(a) (victim under 13 years of age), and one count of indecent exposure, Mich. Comp. Laws § 750.335, following a jury trial in the Wayne County Circuit Court in 2006. He was sentenced to concurrent terms of 40 months to 15 years imprisonment on the CSC II convictions and six months to one year imprisonment on the indecent exposure conviction.

In his pleadings, Petitioner raises claims concerning his right to present a defense, prosecutorial misconduct, and the jury instructions. For the reasons set forth herein, the Court

1

dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

## II. Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O' Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (stating that "state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). A Michigan prisoner must present each issue to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. Petitioner admits that he did not present his habeas claims to the Michigan Supreme Court because his application for leave to appeal was untimely. The exhibits attached to the petition reveal that Petitioner filed an appeal as of right containing his habeas claims with the Michigan Court of Appeals, which affirmed his convictions. *See People v. Cruce*, No. 270412 (Mich. Ct. App. Aug. 21, 2007). Petitioner then attempted to file an application for leave to appeal with the Michigan Supreme Court, but his application was deemed untimely and rejected. *See* Letter from the Michigan Supreme Court to Petitioner (Oct. 17, 2007). Petitioner has thus failed to fully exhaust his claims in the Michigan courts. Therefore, the Court denies the petition for writ of habeas corpus and makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court further **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

### III. Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

**IT IS SO ORDERED**.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: December 28, 2007

3

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 28, 2007.

                                     s/Marie E. Verlinde
                                     Case Manager
                                     (810) 984-3290